IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-06-0179 |
| ROOSEVELT SPANN JR., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 2009, Defendant Roosevelt Spann, Jr. ("Spann") pled guilty to possession of a firearm in furtherance of a drug trafficking crime resulting in death, in connection with his role as a getaway driver in a contract murder. (Plea Ag't 8, ECF No. 510-1 *SEALED*.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed range of 240 to 360 months (20–30 years). (*Id.* at 4.) The advisory Guideline range in this case was 360 months to life. (PSR ¶ 57.) The Court imposed a sentence of 240 months (20 years), which was below the advisory Guideline range, and at the lowest level of the agreed range pursuant to the Plea Agreement. Spann is now 52 years old and has served 186 months out of the 240-month sentence imposed. (Spann's Mot. 1–2, ECF No. 499.)

Now pending is Spann's Emergency Motion for Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 499), as well as two related Motions for Compassionate Release (ECF Nos. 495, 501). Spann urges this Court to modify his sentence because several medical conditions, including "high blood pressure . . . prostate cancer, and diabetes," render him

susceptible to COVID-19. (Spann's Mot. 1; *see also* ECF Nos. 495, 501.) The Government opposes Spann's motions. (*See* Government's Resp. Opp., ECF No. 510.)[1] For the reasons that follow, Spann's Emergency Motion for Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement (ECF No. 499), and his related Motions for Compassionate Release (ECF Nos. 495, 501), are DENIED.

## BACKGROUND

The undisputed facts were stipulated in Spann's plea agreement and detailed in this Court's opinion rejecting Spann's 28 U.S.C. § 2255 motion. *Spann v. United States*, No. RDB-10-168, 2011 WL 1599235 (D. Md. Apr. 27, 2011). According to these facts, Jermaine Bell, leader of the Baltimore-based narcotics-trafficking organization "R-N-G," issued contracts for the murder of rival drug dealer Samuel Garrett and several of his associates in connection with a turf war between their respective organizations. *Id.* at *1. Spann was one of five individuals hired to murder Torrence Johnson, one of Garrett's associates, for $10,000. *Id.* Spann was to serve as the getaway driver using a stolen motorcycle. *Id.* On November 8, 2001, Spann's co-conspirator James Moore shot and killed Johnson near the Safeway on North Charles Street in Baltimore. *Id.* When the motorcycle failed to start, the group fled on foot and reconvened at Spann's house. *Id.* Spann was arrested in 2006 in connection with this murder. *Id.*

On February 7, 2008, a federal grand jury returned a fourth superseding indictment charging Spann with seven drug-related offenses, including possession of a firearm in

---

[1] Spann has not filed a Reply to the Government's Response in Opposition. However, the Government's Response was filed on January 20, 2021. (ECF No. 510.) As more than fourteen days have passed since this Response was filed, any such Reply would be untimely. *See* Local Rule 207 ("The provisions of L.R. 105 [governing motions in a civil case] apply to criminal proceedings."); Local Rule 105.2(a) ("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda.").

furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(c). (PSR ¶ 1.) On October 15, 2008, Spann pled guilty to the firearm possession charge. (*Id.* ¶ 2–3; *see also* Plea Ag't 9.) Pursuant to the U.S.S.G. § 2A1.1, Spann was assigned an offense level of 41. (PSR ¶¶ 14-20.) With ten prior convictions, including three convictions for assault and three weapons charges, Spann was also classified as a career offender and given a criminal history category of VI. (*Id.* ¶¶ 26–42.) These considerations resulted in a Guidelines range of 360 months to life. (*Id.* ¶ 57.) On January 16, 2009, this Court sentenced Spann to 240 months in prison in accordance with his binding plea agreement. *Spann*, 2011 WL 1599235 at *1. Spann is currently imprisoned at FCI Sheridan, Oregon. (*See* Return Address, ECF No. 495-1.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer

a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13

### I.  Administrative Exhaustion Requirements

Spann has satisfied the preconditions to filing his Motion for Compassionate Release. Spann attests that he submitted a request for a reduction in sentence to the warden on April 2, 2020, and that he has not received a response. (Spann's Mot. 2).[2] As 30 days have elapsed since this request was submitted, Spann has exhausted his administrative remedies, and his motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

### II.  Extraordinary and Compelling Reasons

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13

---

[2] It is unclear whether this request was properly submitted: Spann claims to have sent a letter to the warden of FCI Morgantown, (Spann's Mot. 2), but the record indicates that he is incarcerated at FCI Sheridan. (Return Address, ECF No. 495-1.) Additionally, Spann does not attach the letter he submitted as an exhibit. Nonetheless, the Government concedes that Spann has satisfied the administrative exhaustion requirements. (*See* Government's Resp. 5–6.)

cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'"). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

Spann has adequately demonstrated his heightened susceptibility to COVID-19. Spann is 52 years old and suffers from chronic medical conditions including hypertension, diabetes, hypercholesterolemia, and anemia. (Spann's Mot. 1, 7; BOP Medical Records, ECF No. 502-1 *SEAED*.) Spann's diabetes, and the risk of heart disease caused by his high blood pressure, have been identified as known risk factors for COVID-19 by the Centers for Disease Control. (Spann's Mot. 8.) Moreover, after experiencing severe symptoms associated with his prostate, Spann requested a biopsy and was diagnosed with colon cancer. (Spann's Mot. 7; Spann's

5

Supp. Mot. 1–2, ECF No. 505; Jul. 23, 2020 Clinical Encounter, ECF No. 502-2 *SEALED*.) The Government does not contest any of these medical conditions, and in fact concedes that they are exceptional and compelling circumstances that render Spann eligible for a sentence reduction pursuant to 18 U.S.C. § 3582. (Government's Repl. 2, 7–8.) Accordingly, this motion will turn on this Court's application of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors.

### III.  Danger to the Community and 18 U.S.C. § 3553(a) Factors

Before imposing a reduction in sentence, this Court must determine whether Spann is a danger to the community, and consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). To determine whether a defendant is a danger to the community, this Court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) requires many of the same considerations. These factors require this Court must evaluate (1) Spann's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4.

These factors weigh against granting Spann's motion. Spann's instant offense was serious and violent: Although he did not pull the trigger, the uncontested facts indicate that

6

Spann helped facilitate a calculated murder-for-hire plot in connection with organized crime. *Spann*, 2011 WL 1599235, at \*1. The original sentence imposed by this Court is necessary to reflect the nature and severity of this offense and to deter involvement with organized crime. Moreover, the presentencing report considered in 2009 further indicates that Spann's criminal involvement was extensive, suggesting that he is prone to recidivism: The PSR lists ten prior convictions, including assault, breaking and entering, and weapons-related charges, spread across more than a decade. (PSR ¶¶ 26–42.) These charges resulted in Spann's classification as a career offender. (*Id.* ¶¶ 22, 42.) Accordingly, this Court is not convinced that Spann does not pose a danger to the community, and finds that the § 3553(a) factors militate against an adjustment of his initial sentence at this time.

Spann makes only brief arguments under § 3553(a), none of which are sufficient to outweigh the serious concerns detailed above. *See United States v. Staten*, No. CR PJM 01-284-4, 2020 WL 4904270, at \*2 (D. Md. Aug. 18, 2020) ("The defendant generally bears the burden of establishing that a sentence reduction is warranted."). While a cancer diagnosis is serious, Spann has indicated in recent submissions that he is receiving treatment for this condition. (*See* ECF No. 519, 521.) Additionally, there are only a few COVID-19 cases at FCI Sheridan, reducing the likelihood that Spann is infected with the virus. (Government's Resp. 11–12.)[3] Spann's disciplinary record supports his claim that he "has made great strides on his path to rehabilitation:" Spann was involved with an armed assault in early 2011, but has only received one minor infraction since that time, and has been "violation free for the last five years."

---

[3] At the time of the Government's submission, on January 20, 2021, there were only 14 total cases among inmates at FCI Sheridan out of a population of 1440. (Government's Resp. 11.) As of October 13, 2021, the Bureau of Prisons website indicates only 1 active case among inmates, and 3 among staff. *See* COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 13, 2021).

(Spann's Mot. 14; Government's Resp. 10; BOP Disciplinary History, ECF No. 510-2.) Nevertheless, while this progress is notable, and reduces the likelihood that Spann poses a danger to the community, it is insufficient to outweigh the gravity of Spann's instant offense or the need to deter criminal conduct of this nature. Spann's original sentence, already below the Guidelines range, reflects the nature and circumstances of his involvement in a contract killing, and a long history of criminal activity. Notwithstanding Spann's disciplinary record, it would be inconsistent with the goals of deterrence and just punishment to reduce this sentence at this time.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 9th day of November, 2021, that Defendant Roosevelt Spann, Jr.'s Emergency Motion for Modification of Judgment to Allow Remainder of Sentence to be Served on Home Confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 499), and his related Motions for Compassionate Release (ECF Nos. 495, 501), are DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge